UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IRENE J. PRIDGEN,

    Plaintiff,

v.                                       Case No. 8:25-cv-3003-KKM-AAS

US BANK TRUST NATIONAL
ASSOCIATION et al.,

    Defendants.
_____

## ORDER

On December 4, 2025, I dismissed pro se plaintiff Irene Pridgen's complaint as a shotgun pleading and provided her with leave to amend no later than December 18, 2025. (Doc. 4). On December 8, 2025, the Clerk mailed the order to Pridgen. On December 19, 2025, after Pridgen failed to timely file an amended complaint or move for an extension of the deadline, my dismissal order "bec[ame] a final judgment." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719–20 (11th Cir. 2020) (citing *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1132–33 (11th Cir. 1994)). Accordingly, I dismissed this action without prejudice and the clerk entered judgment on December 22, 2025. (Docs. 5, 6).

That same day, but after entry of final judgment, Pridgen filed a motion for extension of time to file an amended complaint, claiming that she did not

1

receive the order of dismissal until December 16, 2025. (Doc. 8) at 2. Because I no longer had "prejudgment powers to grant any more extensions of time to amend the complaint," *Auto. Alignment*, 953 F.3d at 720 (citation modified), I denied Pridgen's motion and explained that the case was closed and that she could file a new action, (Doc. 9).

On January 6, 2026, Pridgen filed an "emergency" motion for reconsideration and to reopen the case under Federal Rules of Civil Procedure 59(e) and 60(b). Mot. (Doc. 10). Pridgen explains that she did not receive the order of dismissal until two days before her amended complaint was due and that a family member's "medical emergency limited her ability to prepare an amended complaint." *Id.* at 2. Further, Pridgen argues that her earlier motion for an extension was timely filed because "[f]ederal law adds 3 days" for litigants served by mail. *Id.* at 2. Federal Rule of Civil Procedure 6(d), in some circumstances, provides three additional days to act when a party is served by mail. Likely on this basis, Pridgen suggests that the amendment deadline was Sunday, December 21, 2025. Mot. at 1. And because Rule 6(a)(1)(C) provides that if a deadline falls on a weekend, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday," Pridgen argues that the deadline to amend or move for an extension "automatically" became Monday, December 22, 2025, *see* Mot. at 2.

2

Pridgen's view is incorrect. Rule 6 provides general rules for computing time. For example, Rule 6(a)(1) instructs how to compute a deadline when "the period is stated in days or a longer unit of time" and Rule 6(a)(2) explains how to do the same when "the period is stated in hours." Rule 6(d)—the provision on which Pridgen appears to rely—states that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail)," then "3 days are added after the period would otherwise expire under Rule 6(a)." So, for example, if the dismissal order provided that Pridgen was "granted leave to amend the complaint no later than fourteen days after this order," then Rule 6(d) would provide for a three-day extension because Pridgen was served by mail.

The order, though, set "a deadline on a date certain." *Destra v. Demings*, 725 F. App'x 855, 859 (11th Cir. 2018) (per curiam). Rule 6(a), and thus Rule 6(d)'s extension, does not apply "when a fixed time to act is set." FED. R. CIV. P. 6(a) advisory committee's note to 2009 amendment; *see Violette v. P.A. Days, Inc.*, 427 F.3d 1015, 1016 (6th Cir. 2005) (concluding that Rule 6(a) "does not apply to situations where the court has established a specific calendar day as a deadline"); *Juravin v. Rada*, No. 5:24-CV-618-PGB-PRL, 2025 WL 1665725, at *3 & n.2 (M.D. Fla. June 12, 2025). Pridgen's motion for an extension to file her amended complaint—filed after judgment was entered—was untimely.

That said, Rule 60(b) allows for relief from a final judgment in the case of "excusable neglect." Pridgen's miscalculation of the filing deadline, complicated further by the possibly delayed receipt of the dismissal order, constitutes a basis for relief under this provision. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993) (" '[E]xcusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence."). Because this litigation is in its infancy, the delay is minimal, and there is no discernable prejudice to the defendants, the equities weigh in favor of vacating the judgment and reopening the case. *See Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996). I therefore **GRANT** Pridgen's Rule 60(b) motion.

Accordingly, the following is ORDERED:

1. Pridgen's Rule 60(b) Motion (Doc. 10) is **GRANTED.**

2. The Clerk is directed to **VACATE** the judgment (Doc. 6) and **REOPEN** the case.

3. No later than **January 27, 2026**, Pridgen may file a second amended complaint that remedies the shotgun pleading issues identified in this Court's previous order.

**ORDERED** in Tampa, Florida, on January 13, 2026.

Kathryn Kimball Mizelle
United States District Judge

4